BRADLEY LUMBER COMPANY OF ARKANSAS *v.* CLANTON.

4-6144                                             147 S. W. 2d 14

Opinion delivered January 13, 1941.

*D. A. Bradham, B. Ball.* and *C. C. Hollensworth,* for appellant.

*James H. Nobles, Jr.,* and *J. R. Wilson,* for appellee.

MEHAFFY, J. This action was instituted in the Bradley circuit court by the appellee, C. E. Clanton, against the Bradley Lumber Company, appellant, to recover damages for personal injuries alleged to have been caused by the negligence of appellant. The appellee was a resident of Bradley county, Arkansas, and the appellant is a domestic corporation engaged in the manufacture and sale of lumber at Warren, Arkansas.

The appellee alleged that it was the duty of the appellant to exercise ordinary care to provide appellee a safe and suitable truck, properly constructed and to keep same in proper repair; that the appellant negligently provided a truck which was unsafe and improperly constructed in that to the back of the driver's seat, there was a piece of sheet iron against which appellee had to lean in driving the truck; that appellant negligently required appellee to operate said truck in this condition; that at the time of the accident appellee was on his way to deliver a lumber buggy loaded with lumber to its destination; that while driving with due care he started around a corner and attempted to sound his horn, but due to the noise created by the iron wheels on the buggy, he was unable to tell whether his horns sounded; that almost at the same time from the opposite direction came another truck driven by another of appellant's employees; that appellee could not see or hear the other truck until it was within a few feet of him, coming in the middle of the road so that appellee could not pass; that when the driver of the other truck saw appellee he

turned sharply to the right and blocked the roadway; appellee, in order to prevent a collision, quickly applied his brakes and brought his truck and buggy to an abrupt stop; that due to this sudden stop, the lumber on the buggy jumped forward and struck the appellee with great force in the regions of his back and kidneys, seriously bruising and injuring his right kidney and the region of his back around his kidneys.

Appellee then described the extent of his injuries and his treatment and suffering.

The appellant filed answer denying every material allegation in the complaint, pleaded contributory negligence, and that appellee assumed the risk.

There was a trial and verdict and judgment in favor of the appellee against the appellant for the sum of $11,000. Motion for new trial was filed and overruled, and the case is here on appeal.

There were over seventy-five assignments of error in appellant's motion for new trial. However, it only argued a few, to which we will call attention.

The evidence tended to show that the mill yard was laid off in alleys, or roadways, which were paved with concrete; that holes had been worn in the concrete, and that appellee, before the accident, notified the assistant foreman that the holes were in the concrete, and the assistant foreman agreed to have the roadway repaired. This evidence is not contradicted by anyone; the assistant foreman did not testify. The evidence further tends to show that appellee was driving on alley 6 toward the mill with a load of lumber, and when he reached the curve in the alley he discovered another employee coming from the mill with a load of lumber; that because of the hole in the concrete road, there was not room for the vehicles to pass, and therefore Denson, driver of the truck leaving the mill, turned off into another alley in front of appellee, and appellee was compelled to stop or have a collision; that he stopped and that caused the lumber to move forward and injure the appellee.

It is first contended by the appellant that the appellee assumed the risk of the hole in the concrete. In the

first place, the appellee was not injured by driving into the hole in the concrete. It was the combined action of the driver, Denson, and the hole in the concrete, that caused the injury.

Appellant quotes from and relies on the case of *Southwestern Bell Tel. Co.* v. *Casson*, 199 Ark. 1140, 138 S. W. 2d 406. In that case this court said: "Where the danger arising from the negligent conduct of the master is so apparent and obvious in its nature as to be at once discoverable to one of ordinary intelligence; an employee, by voluntarily undertaking. to perform his work in such a situation, assumes the hazards which exempts the employer from liability on account of injury to the employee."

That was a correct statement of law as applied to the facts in that case, but in this case the facts are wholly different. There is no evidence in the instant case that appellee assumed the risk either of the hole in the concrete, or the negligence of the driver, Denson.

It is a general proposition of law that the doctrine of assumption of risk will not be applied so as to extend the doctrine beyond reasonable limits.

"Although the defense of assumption of risk is established as a part of the law and will be applied in all cases fairly within the rule, it is, nevertheless, not a favored doctrine, but at best is artificial and harsh and should not be extended beyond its reasonable limits." 39 C. J., 689; *Haynes Drilling Corporation* v. *Smith*, 200 Ark. 1098, 143 S. W. 2d 27.

Moreover, the question of assumption of risk was properly submitted to the jury, and the jury's verdict is conclusive. Besides, the appellee was employed to haul lumber and to use the alley he was using for the purpose, and it was his duty to yield obedience to the master. The servant is not required to balance the degree of danger and decide whether it is safe for him to act, but is relieved in a measure of the usual obligation of exercising vigilance to detect and avoid danger. It has been said: "Again, it is a psychological truth that em-

ployees form a habit of obedience that overcomes independent thought and action, depriving them of power to exercise intelligence that otherwise would protect them." 18 R. C. L., p. 655, § 149, *et seq.*; *Haynes Drilling Corp.* v. *Smith, supra.*

The evidence does not indicate that there was any danger at all to the appellee until he discovered the other truck, but that while he was driving along with proper care, he discovered the other driver coming toward him and because of the hole in the concrete they could not pass. The other driver turned to the right so that appellee could not pass, thus forcing him to come to an abrupt stop in order to avoid a collision.

In the case of *Pulaski Gas Light Co.* v. *McClintock*, 97 Ark. 576, 134 S. W. 1189, 32 L. R. A., N. S., 825, the evidence showed that there was a service pipe extending from the street up under McClintock's house, and connected with a riser. While McClintock was absent the street in front of his house was cut down, and the service pipe was cut off at the embankment, indicating that there was no gas under the house. The gas company had, however, without the knowledge of McClintock, put down a service pipe under the street and extended it under his house and connected it with the riser. McClintock, not knowing that the gas was connected, and being misled by the end of the pipe sticking out of the embankment, went under his house and disconnected the riser. When he did this the gas killed him. This court held that McClintock did not assume the risk and was not guilty of negligence under the circumstances. There was no one thing done by the gas company that, of itself, would have caused the injury, but it was the combination or concurrent action; just as in this case the holes in the roadway alone, or Denson's negligence alone, might not have caused the accident; but concurring, they did cause it.

It is next contended that Denson was not negligent. Denson testified as to what he did and the circumstances, and the jury found that he was guilty of negligence, and its verdict is conclusive here.

Of course, the appellee, in order to entitle him to recover, had to exercise due care, and under the evidence appellee's want of care did not cause the injury. Negligence and contributory negligence have been many times defined by this court, and if one does what a person of ordinary prudence would do under the circumstances, he is not guilty of negligence; if he fails to do this, then he is guilty of negligence.

It is contended by the appellant that instructions No. 14 and No. 19, both given by the court, are in conflict. Instruction No. 14 told the jury that it was to determine whether the injury that appellee sustained was due to one of the ordinary risks of his employment, and if the jury should find that it was not one of the ordinary risks, then they should determine whether the appellee knew and appreciated the danger. Instruction No. 19 told the jury in effect that the appellee did not assume the risk of any negligence, if any, of the appellant or its employee, Denson. There is no conflict in these instructions.

The court instructed the jury fully, and we find no error in the court's giving or refusing to give instructions. We do not think there is any merit in the contention that appellant was engaged in interstate commerce, and that the instructions were erroneous for that reason.

Judgment was entered February 9, 1940, and the record shows that appellant was given until February 13, to file motion for new trial. The motion was filed, but there was no claim that the verdict was excessive. The time set for hearing the motion for new trial was April 8. On February 21, a week after the time allowed for filing motion for new trial, there was an additional motion for new trial, in which it was alleged that the verdict was excessive.

There was ample evidence to support the finding of the jury against the appellant and ample evidence to support the finding of the jury as to the amount appellee was entitled to recover.

We have carefully examined all the instructions given or refused, and have reached the conclusion that the court did not err in giving or refusing to give any instruction.

The judgment is affirmed.